CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 26 2009
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| POWER PARAGON, INC., | )<br>) |
| Plaintiff, | ) Civil Action No. 7:08-CV-00542<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| PRECISION TECHNOLOGY USA, INC., | ) By: Hon. Glen E. Conrad<br>) United States District Judge |
| Defendant. | ) |

This matter is before the court on a motion for reconsideration submitted by the defendant, Precision Technology USA, Inc. ("PT-USA"), and on a motion for partial summary judgment submitted by the plaintiff, Power Paragon, Inc. ("PPI").

## FACTUAL AND PROCEDURAL BACKGROUND

The background facts to this case will be familiar to anyone who has had occasion to review the court's opinion of March 17, 2009. In that opinion, the court denied in part and granted in part PT-USA's motion to dismiss.[1] The court held that, assuming PPI could prove the facts alleged, the doctrine of incorporation by reference could apply so as to include in the parties' agreement at least those Terms and Conditions referenced by PPI's December 20, 2005 letter that are not in conflict with the terms in PT-USA's purchase order. (Op. at 14). In determining the applicable limitations period, the court then looked to the Terms and Conditions and the language of PT-USA's purchase order to determine whether they were in direct conflict

---

[1] The court found that the documents submitted by the parties with their pleadings were sufficiently referenced in the complaint so as not to require the conversion of the motion to dismiss to one for summary judgment. (Op. at 11).

or whether they could be harmonized. Because both conditions with respect to the limitations period were silent with regard to actions brought by the opposite party, the court was able to give effect to both provisions. Therefore, the court applied the one-year statute of limitations period to the plaintiff's claims. (Op. at 20).

The court also addressed PPI's argument that PT-USA should be equitably estopped from asserting that the limitations period bars their claim. The court held that, given the language in the April 2007 letter from PT-USA[2] and the parties' ongoing attempts to resolve problems with the motor controller, PPI had forecast evidence sufficient to support the application of the doctrine of equitable estoppel with regard to payment for the motor controller. The court cautioned, however, that although for the purposes of a motion to dismiss, the plaintiff's allegations were sufficient to support the doctrine of equitable estoppel, plaintiff would be required to more fully document the facts supporting its claim as the case proceeded. (Op. at 27).

On March 31, 2009, PT-USA filed a motion for reconsideration or clarification of the court's March 17, 2009 opinion. On April 17, 2009, PPI filed a motion for partial summary judgment as to PT-USA's counterclaim for special damages. Each motion is discussed below in turn.

## DISCUSSION

**1.      Motion for Reconsideration**

---

[2] In a letter dated April 5, 2007, PT-USA's Contracts Manager detailed the problems PT-USA was experiencing with the motor controller and stated: "In conclusion, PT-USA cannot, in good faith, pay further on the Reference A purchase order until, at the very least, we resolve/fix the many problems that are being encountered with the Motor Controller." The court held that PPI could have reasonably relied on this letter to indicate that PT-USA would make payment on PPI's final invoice if the problems were corrected.

2

PT-USA seeks reconsideration of two of the court's rulings from its March 17, 2009 opinion. PT-USA asserts that these rulings amount to clear error and resulted in manifest injustice, and therefore should be reversed. PT-USA challenges (1) the court's ruling that the doctrine of incorporation by reference should apply and (2) the court's ruling denying PT-USA's motion to dismiss PPI's claim for payment of its invoices on the basis of equitable tolling of the contractual one-year limitations period.

Federal Rule of Civil Procedure 54(b) permits a court to revise any order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). A district court may thus reconsider and modify its interlocutory judgments. Such reconsideration is not subject to the heightened standards that apply to reconsideration of final or declaratory judgments. See Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003); Fayetteville Investors v. Commercial Builders, 936 F.2d 1462, 1472 (4th Cir. 1991). The discovery of substantially different evidence, a subsequent change in the controlling applicable law, or the clearly erroneous nature of an earlier ruling would all justify reconsideration. See Am. Canoe Ass'n, 326 F.3d at 515 (quoting Sejman v. Warner-Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988)). Reconsideration may also be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issue presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983); accord United States v. Smithfield Foods, 969 F. Supp. 975, 977 (E.D. Va. 1997).

The defendant first contends that the court should reconsider its prior ruling on the

3

equitable tolling of the contractual one-year limitations period. In its memorandum opinion, this court stated that: "[w]hen considering the language of the April 5, 2007 letter coupled with the parties' ongoing attempts to resolve any problems with the motor controller after that letter was sent and received, the court finds and concludes that the plaintiff has forecast evidence sufficient to support the application of the doctrine of equitable estoppel." (Op. at 26). The court also stated that "PT-USA admits that PPI did continue to work on the problems identified after the defendant sent the letter in April 2007, and that PT-USA understood that PPI was doing so." (Op. at 27). PT-USA argues that the court misunderstood the nature of the relationship between the parties after the date of the letter, and that it never made such an admission. According to PT-USA, the plaintiff refused to cooperate with them after receipt of the April 5, 2007 letter. (Counterclaim ¶ 25)

Although the court, at the time of issuing its opinion, was under the impression that PT-USA had admitted that PPI continued to work on the product after the April 5, 2007 letter, this impression was not essential to its decision. Prior to sending the letter, PT-USA and PPI had been attempting to resolve their problems. As the court explained, the April 5, 2007 letter from PT-USA anticipated that further efforts would continue to be made by PPI in order to solve the problems related to the motor controller. In short, PT-USA was asking PPI to cooperate. Stated differently, PPI asserts that it relied on PT-USA's promise to pay if all problems could be resolved and that it exercised forbearance in pursuing its legal remedies as a result of this reliance. For this reason, PPI has forecast sufficient evidence to survive a motion to dismiss.

With regard to incorporation by reference, the court's March 17, 2009 opinion was based on the understanding that PPI had attached the Terms and Conditions to the December 20, 2005

4

letter and that PT-USA had therefore received them. Indeed, on July 9, 2008, PPI submitted to the court as Exhibit B both the December 20, 2005 letter and the Terms and Conditions as one document. The implication of such a filing is to indicate that the Terms and Conditions were included with the December 20, 2005 letter. PT-USA, however, has since submitted the declaration of T.J. Elliott that indicates PT-USA did not receive the Terms and Conditions with the December 20, 2005 letter. (Third Declaration of T.J. Elliott ¶ 3). In response, PPI states that whether it attached the terms to the letter or not is irrelevant.

Despite this new allegation, the court is constrained to conclude that, based on the facts alleged, the doctrine of incorporation by reference will operate so as to include in the parties' agreement at least those terms and conditions referenced by the December 20, 2005 letter that are not in conflict with the terms in PT-USA's purchase order. The doctrine of incorporation by reference does not require that a party actually receive the terms to be incorporated, especially where, as is the case here, both parties are sophisticated business entities. Rather, in order to incorporate an extrinsic document, the underlying document need only make clear reference to a document, the identity of which is readily ascertainable. See Hertz Corp. v. Zurich Amer. Ins. Co., 496 F. Supp. 2d 668, 675 (E.D. Va. 2007) ("in order to incorporate a secondary document into a primary document, the identity of the secondary document must be readily ascertainable"); Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. DCI Signs & Awnings, Inc., No. 1:08-CV-15, 2008 U.S. Dist. LEXIS 72913, at *8 (E.D. Va. 2008) (citing Hertz). Further, it is not even necessary that the underlying document explicitly state that it "incorporates" another document. See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund, No. 1:08-CV-15, 2008 U.S. Dist. LEXIS 72913, at *7 (stating that the language used is not important provided that the

document plainly refers to another writing).

Here, it is PT-USA's own language in its purchase order that plainly refers to the December 20, 2005 letter. The December 20, 2005 letter, in even clearer terms, states that it is governed by the Terms and Conditions and that those Terms and Conditions were available upon request. Explicit reference to governing terms and conditions, as here, puts reasonable people on notice that they should read and know those terms. See Schofield v. French, 36 F. Supp. 2d 481, 486 (D. R.I. 1999). This is especially true of sophisticated business entities, like the parties involved in this case. Standard Bent Glass Corp. v. Glassrobots Oy, 333 F.3d 440, 447 n.10 (3rd Cir. 2003) (stating that although incorporation by reference might seem harsh at first blush, "[i]t is appropriate to require a merchant to exercise a level of diligence that might not be appropriate to expect of a non-merchant"). Therefore, the court concludes that sufficient facts are alleged which, if proven, would entitle PPI to rely on the doctrine of incorporation by reference in advancing its case. The court emphasizes, however, that it remains to be determined whether the facts will support the application of the doctrine.

## 2. Motion for Partial Summary Judgment

PPI seeks partial summary judgment against PT-USA's counterclaim, arguing that the incidental and consequential damages sought by PT-USA are barred by the express terms of the parties' contract. PPI relies on the limitation of liability clause contained in the Terms and Conditions. As the court has stated with regard to the incorporation of the Terms and Conditions, however, PPI has simply alleged facts sufficient to survive a motion to dismiss. Whether the facts as proven will ultimately support application of the doctrine of incorporation by reference remains to be determined. It is therefore premature for this court to decide whether

the limitation liability clause in the Terms and Conditions forecloses PT-USA's counterclaim for consequential and incidental damages. The court will take PPI's motion for partial summary judgment under advisement pending further discovery on this matter.

## CONCLUSION

For the foregoing reasons, the court concludes that the defendant's motion seeking relief from the court's March 17, 2009 opinion is denied, and that the plaintiff's motion for partial summary judgment will be taken under advisement.

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 25th day of June, 2009.

_____
United States District Judge

7